## Case No. 12,903.

SINGER MANUF'G CO. v. MASON.

[5 Dill. 488.]¹

Circuit Court, D. Kansas. 1879.

ATTACHMENT — BOND — RESIDENT SURETIES — REVISED STATUTES, SECTION 915—AMENDMENT—NEW BOND.

A plaintiff in an attachment suit in the federal court must furnish security in the same manner as to amount and the qualification and residence of the sureties that the laws of the state require to be furnished if he were proceeding in the courts of the state. Rev. St. § 915.

Motion by defendant [Washington Mason] to discharge the property attached.

Ruggles, Hentig & Sperry, for the motion. Johnson & Davis, opposed.

DILLON, Circuit Judge. The statute of Kansas provides that no order for the attachment of property shall be issued by the clerk until an undertaking is filed, with one or more sufficient sureties (Code, § 192), and such "surety must be a resident of the state of Kansas" (Id. § 724). An order of attachment was issued by the clerk of this court on an undertaking signed by a single surety, who was and is a resident of the state of Missouri. For this reason the defendant moves to discharge the attachment.

The Revised Statutes of the United States provide that the plaintiff "shall be entitled to similar remedies, by attachment or other process, against the property of the defendant provided · by the laws of the states; * * provided, that similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment." Rev. St. § 915.

It is our judgment that the plaintiff seeking an attachment in this court against the property of the defendant is required by this section to furnish security in the same manner as to amount and the qualification and

residence of the sureties that he would have to furnish if he were proceeding in the state court. This result is not inconsistent with the point ruled in the case referred to in Woolworth's Reports, decided by Justice Miller.²

The motion to discharge the property attached will be sustained, unless the plaintiff will substitute a sufficient undertaking, with resident sureties, within a reasonable time—say fifteen days. There is no statute in Kansas which prohibits such an order, and the statute of amendments, federal and state, is sufficiently liberal to warrant the making of such an order.

Ordered accordingly.

